# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANN M. MCGOVERN,<br>         Appellant, | DOCKET NUMBER<br>PH-0752-16-0455-I-1 |
|       v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>         Agency. | DATE: March 29, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Fred Stone, Esquire, South Deerfield, Massachusetts, for the appellant.

Joshua R. Carver, Esquire, Augusta, Maine, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2 The agency removed the appellant from her Secretary position, effective November 14, 2015, for refusal to take a required drug test. Initial Appeal File (IAF), Tab 8 at 11, 13-22. The appellant elected to challenge her removal through the equal employment opportunity (EEO) process by initiating counseling on December 28, 2015. *Id.* at 8. On March 29, 2016, the appellant was notified of her right to file a formal complaint, and she was advised that the filing deadline was April 20, 2016. IAF, Tab 5 at 12. However, she did not file her formal complaint of discrimination until May 6, 2016, fifteen days after the filing deadline. *Id.* The agency issued a final agency decision (FAD) on August 23, 2016, dismissing her complaint as untimely filed and notifying her that she had

the right to appeal the agency's procedural decision to the Equal Employment Opportunity Commission (EEOC), Office of Federal Operations (OFO), or to the appropriate U.S. district court. *Id.* Instead of filing as instructed, the appellant filed an appeal with the Board on September 6, 2016, challenging the agency's decision to remove her from her Secretary position and asserting that the appeal was a mixed-case appeal. IAF, Tab 1.

¶3 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 15, Initial Decision (ID). She found that the appellant elected to challenge her removal by pursuing an EEO complaint, which was dismissed as untimely filed, and that she therefore was precluded from pursuing a Board appeal challenging the same adverse action. ID at 4. She also found that, to the extent the appellant argued that the doctrine of equitable tolling should be applied to find that her Board appeal was timely filed, the appeal was deemed timely filed. *Id.* The administrative judge found further that, although the appellant asserted that the Board should apply the doctrine of equitable tolling to her formal complaint of discrimination, the appellant provided no rule, regulation, law, or case in support of her claim. *Id.* Concluding, the administrative judge found that the appellant's avenue of relief from the FAD's dismissal based on untimeliness was to the EEOC's OFO or to the appropriate U.S. district court, not to the Board, and that the Board defers to an employing agency's timeliness decision. ID at 5.

¶4 The appellant has filed a petition for review and a supplement to her petition. Petition for Review (PFR) File, Tabs 1, 3. The agency has filed a response. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 In a mixed-case appeal, an employee may elect either to file a timely complaint of discrimination with her agency's EEO office or timely file an appeal with the Board, but not both. 29 C.F.R. § 1614.302(b); *see Crumpton v.*

4

*Department of the Treasury*, 98 M.S.P.R. 115, ¶ 10 (2004).  Whichever is filed first is considered to be an election of that forum.  *Crumpton*, 98 M.S.P.R. 115, ¶ 10.  When an employee elects to file a complaint with the agency's EEO office, that office may dismiss a complaint that fails to comply with the applicable regulatory time limits.  29 C.F.R. § 1614.107(a)(2).  An employee dissatisfied with such a dismissal then may appeal it to the EEOC or file a civil action in U.S. district court, but not the Board.  29 C.F.R. § 1614.110(b).  Because the Board defers to a FAD finding that a complaint was untimely filed when that decision was not appealed to the EEOC, a dismissal of an EEO complaint as untimely precludes the subsequent pursuit of a Board appeal challenging the same adverse action.  *McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶ 11 (2008).

¶6        On review, the appellant asserts that the administrative judge erred in dismissing her appeal as untimely filed and that the administrative judge instead should have dismissed her appeal for lack of jurisdiction.  PFR File, Tab 3 at 5-6.  However, the administrative judge explicitly found that, "[w]hile it initially appeared that her Board appeal challenging her November 14, 2015 removal was untimely, once she demonstrated that she was challenging the August 23, 2016 FAD, her appeal was deemed timely."  ID at 2.  Thus, her appeal was not dismissed as untimely filed, as alleged by the appellant.  Rather, the administrative judge dismissed this appeal for lack of Board jurisdiction, which we find proper under the circumstances.  ID at 1, 5; *see McCoy*, 108 M.S.P.R. 160, ¶ 11.

¶7        Next, the appellant argues that she erroneously filed her appeal with the Board—rather than with the EEOC—and that the Board therefore should remand her appeal for "review in light of 5 U.S.C. [§] 7702(f)."  PFR File, Tab 3 at 4.  Section 7702(f) provides that, when "an employee is required to file any action, appeal, or petition under this section and the employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely

filed the action, appeal, or petition as of the date it is filed with the proper agency." The appellant appears to argue that, pursuant to this section, the Board should remand her appeal to the administrative judge for a determination that her appeal be deemed timely filed with the proper agency—the EEOC. PFR File, Tab 4 at 5-6. However, the appellant filed her appeal with the Board—not with an agency other than the Board—and that appeal was deemed timely filed. Under these circumstances, section 7702(f) is inapplicable to the Board's processing of her appeal, and the Board is without authority to direct the EEOC's processing of her appeal.

¶8     Accordingly, we find the appellant has provided no basis upon which to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.